■ In the Matter of the Probate of the Will of PIETRO DE BETTA, Deceased. ANTHONY DE BETTA et al., Appellants; ROSE P. SOWARBY, Respondent.— Appeal from a decree of the Surrogate's Court, Suffolk County, (1) finding that the testator was competent to make a will and codicil, that he was under no restraint at the times of their respective executions, and that there was no fraud or undue influence exercised upon him in the preparation and execution of the instruments, and (2) admitting the will and codicil to probate. Decree unanimously affirmed, with costs, payable out of the estate. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ.

■ In the Matter of the Estate of CHRISTIAN KRABBE, Deceased. CARL F. BERGER, as Administrator of the Estate of CHRISTIAN KRABBE, Deceased, Appellant; MARTIN C. NELSON et al., Respondents.— In a proceeding by the purchaser of a parcel of real property at a judicial sale to be relieved of his purchase, the appeal is from an order of the Surrogate's Court, Suffolk County, setting aside the sale and directing a refund of the down payment. The parcel, an asset of a decedent's estate being administered by appellant, the Public Administrator of Suffolk County, was sold at public auction, pursuant to an order of the Surrogate. Bidders were not informed of an outstanding adverse claim to the title. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of CLEMENT J. TORMEY, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondent suspending for 30 days petitioner's license to drive a motor vehicle for violation of paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. The proceeding has been transferred to this court (Civ. Prac. Act, § 1296). Determination annulled, with $10 costs and disbursements. In our opinion, the evidence adduced did not meet the standard required for a finding of gross negligence. While there is evidence of ordinary negligence, we find no substantial evidence that petitioner operated his motor vehicle in such manner as to constitute a disregard of the consequences or indifference to the rights of others, as required by the statute. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.